## Gray *v.* Camac, Exrx., Appellant.

Argued November 29, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, LINN and BARNES, JJ.

*Wayne P. Rambo,* with him *J. Channing Ellery, Robert Mair* and *Walter D. Stewart,* for appellant.

*James R. Wilson,* with him *William J. Wilson,* for appellee.

PER CURIAM, January 6, 1936:

A surviving partner filed a bill against the ancillary executrix of his deceased partner, asking, inter alia, for an account. An answer was filed, evidence taken, and on December 12, 1934, a decree was made ordering the defendant to file an account as specified in the decree. Though interlocutory, that order was subject to review on appeal pursuant to the Act of June 24, 1895, P. L. 243, as amended by Act of March 30, 1921, P. L. 60, 12 P S, section 1104, which provides however "That such appeal must be taken within twenty days after such order or decree or judgment. . . ." Appellant did not appeal within 20 days. The next step in the proceeding took place February 5, 1935, when plaintiff filed an application for a rule under the Act of February 27, 1798, 3 Sm. L. 303, and the rule was made absolute February 15, 1935. See Henderson v. Smith, 304 Pa. 97, 155 A. 430. On March 8, 1935, a second adjudication was filed which wound up with the following words: "On accounting filed by the plaintiff, appropriate judgment may be entered in favor of the party entitled thereto." Three days later the present appeal was taken by defendant.

The assignments of error go to matters that occurred up to and including the entry of the decree of December 12, 1934, ordering the accounting. No assignment complains of anything done thereafter. As an appeal from that order was not taken within the time prescribed, and as the order of March 8, 1935, is interlocutory, this appeal must be quashed. After a final decree has been entered in the case the order of December 12, 1934, will be open to review (Bracht v. Connell, 313 Pa. 397, 170 A. 297) if defendant then appeals.

Appeal quashed.